Totten, J.,
delivered the opinion of the Court.
At February Term 1850, of the Circuit Court of Knox, the recorder and tax collector of Knoxville, an incorporated town, reported to the Court several lots of land in Knoxville, for the non-payment of taxes : that is to say, one lot No. 5, in that part of the corporation called Williamsburg, heretofore occupied and owned by Moses M. Swan, and now owned by William Swan and occupied by F. W. Earnest bounded on the east by Poplar street, and on the south by Spring street, valued in 1842 at $8 00, tax $4 00, in 1843 at $1,400, tax $8 00, &c., for each year, to 1849 inclusive, the tax and costs being in all $61 43.
Other lots are also described in like manner, but it is not material to the question that they be stated.
Judgment having been rendered by the court, against the several lots of land so reported, for the taxes, costs and charges due thereon, in conformity to the statutes in such cases, William Swan, the plaintiff in error, at that time the owner of the lots as stated in the report, appeared and moved the Court to vacate and set aside said judgment, upon grounds assumed before the Court, which the Court refused to do, and thereon William Swan has appealed to this Court.
*131 The act of 1842, confers upon the tax collector of the town of Knoxville, in the collection of the revenue of the town, the same power and authority that appertain to the sheriff and collector, by the laws then in force,- for the collection of State and county taxes, and the public law providing for the sale of lands for the non-payment of taxes, is made applicable to the corporation of Knoxville, for the collection of its revenue. See Shoalmater vs. Armstrong, 9 Hum. Rep. 218, which construes the act of 1842, referred to.
It is objected that this Court can take no cognisance of the matter, because William Swan, not being the owner when the taxes accrued, was not the proper party to contest the order of sale.
It seems to us, that the present owner, whose interest is to be affected by the judgment and sale, is a proper person to contest it, and that he would have the right to appear in the Circuit Court, and show any valid and legal reason, why the judgment condemning the property to be sold, should not be entered, as, for instance, that the taxes had been paid. We will not undertake to say, that the former owner had not, likewise, the same right. The tax being a lien and charge on the land at the time of the sale by him to the present owner, his interest might be involved by the covenants in his deed. Be this, however, as it may, we are satisfied that the present owner had the right to make himself a party to the proceeding, and to resist and contest the right of the corporation to the judgment ; and it follows, that if the judgment be against his de-fence, he has a right to the revising opinion of this Court, on the validity of his defence.
The defence is, that the collector had no power or authority to report, or the Court to render judgment, for any taxes due on the land, except only for the one year, preceding the date of the report: whereas, the report here, is for several years preceding. And itis argued, that the principle, which controlled *132 the judgment of the Circuit Court will be of serious inconvenience and injury to purchasers, not aware of the incum-brance at the time of the purchase, and that it is not authorized, by any just construction of the statutes on this subject.
We do not concur in the force or truth of this argument.
The public taxes are declared to be and remain a lien upon the land, though the owner be not known, and though it be listed and advertised in the name of others than those, who actually owned it, when returned and sold. See act 1813, eh. 98.
The policy of this statute is one, in which the public is deeply interested, for the security and collection of its revenues. The tax is made a lien and charge on the land, for which it continues to be liable, notwithstanding the title may pass from one person to another. The purchaser may look to the state of the title, and to the liens and incumbrances, either public or private, to which it may be subject; and if he fail to do so, it is his own neglect, for which it were better, that he suffer the private loss and inconvenience, than that the public should suffer the greater inconvenience of losing its revenues.
We are not aware of any statute discharging the land from this lien, except that of 1844, ch. 143, which has this effect to the extent and in the case therein specified.
But this act of 1844, is not applicable to the corporation of Knoxville ; because, as we have seen, it is only the laws of the State prescribing the mode of collecting its revenues, “ existing” and in force at the passage of the act of 1842, that are made applicable by that act, to the corporation of Knoxville. See 9 Hum. 220.
There was no law existing and in force, in 1842, discharging the land from the lien, or relinquishing the right of the State to. enforce it, and it would be a violation of principle to hold, that a public right shall be lost, by the mere delay or neglect of the public agents, to enforce it, *133 and in the absence of any law expressly limiting the time in which it may be done.
The act of 1835, ch. 15, sec. 4, provides, that the collector shall make his report for the non-payment of taxes “ to the Circuit Court of his county at the first term in each year for the preceding year or years.” We regard this as an express recognition of the rule contended for, and there does not appear to be any statute which changes it, except only that of 1844 before mentioned.
The act of 1842, ch. 126, sec. 2, cited by counsel, was intended only for the relief of collectors, and does not sustain the position contended for by the counsel, because it provides in substance, that where lands have not been duly reported by reason of the failure of the Court to be held at the time appointed, it shall be the duty of the reporter to include them in his next succeeding report, and settle for the same as in other cases. '
We are therefore of opinion that it was proper to include in the collector’s report the taxes due for any preceding years, and that the lots of land are liable for their payment.
Let the judgment be affirmed, and a 'procedendo be awarded to the Circuit Court, to execute its judgment.